UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION



| | |
|---|---|
| ANTONIO RIOZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | 5:04-CV-235-C |
| § | |
| JO ANNE B. BARNHART, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION

Plaintiff Antonio Rioz seeks judicial review of a decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB). The United States District Judge, pursuant to 28 U.S.C. § 636(b), referred this case to the United States Magistrate Judge for report and recommendation, proposed findings of fact and conclusions of law, and a proposed judgment.

### I.   Rioz' Points of Error

Rioz brings two points of error in this appeal. In his first point of error he contends that the Administrative Law Judge (ALJ) erred in determining that he retained the functional capacity to perform sedentary work limited to jobs that would allow for frequent opportunities to sit or stand while in the performance of job duties. Rioz argues that this finding is not supported by substantial evidence because the medical reports in the record either do not address his residual functional capacity or indicate that he is capable of work

less strenuous than sedentary work.

In his second point of error, Rioz contends that the Appeals Council did not properly consider a report from a physician that he submitted after the ALJ's hearing. He contends that the Appeals Council erred by merely informing him that it had considered the report rather than providing a discussion or an analysis of the report.

After reviewing the administrative record and the arguments of both parties, this court recommends that the District Court affirm the Commissioner's final decision.

## II. Discussion

### A. *The ALJ's Residual Functional Capacity Determination*

The ALJ determined that Rioz retained the functional capacity to perform sedentary work activity limited to jobs that would allow for frequent opportunities to sit or stand while in the performance of job duties. (Tr. 17.) This determination is supported by substantial evidence.

Although the ALJ did not have before him a medical opinion from one of Rioz' physicians in regard to his abilities to perform the requirements of work, the absence of such evidence does not deprive the ALJ's decision of substantial evidence. The Fifth Circuit Court of Appeals has held that the ALJ should usually request a medical source statement describing the types of work the claimant is capable of performing; however, "the absence of such a statement . . . does not make the record incomplete." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In such a situation, the inquiry for the court is whether the ALJ's

decision is substantially supported by other evidence in the record. *Id.* In this case, there is substantial evidence in the record to support the ALJ's decision.

Rioz applied for DIB on October 7, 2002, alleging that he became disabled and unable to work on February 14, 2002, because of diabetes mellitus and symptoms related to a back injury he sustained at work. (Tr. 55-56, 421, 577-79.) Subsequently, on February 18, 2003, Rioz underwent a 360 degree fusion with pedicle screw fixation. (Tr. 227, 412.) Rioz continued to complain of pain after the surgery and testified that the surgery was not successful in alleviating his symptoms. (Tr. 41-42, 222-23.)

However, the evidence shows that the fusion was successful. Radiographic testing showed a satisfactory appearance of the fusion; there was no evidence of a recurrent disc protrusion; no evidence of complications; and no evidence of acute disease. (Tr. 217-21.) Three months after the fusion, Rioz reported to his physician that his back pain was "largely resolved" although he did have leg pain that was exacerbated by physical therapy. (Tr. 412.) Five months after the fusion, Rioz' physical therapist reported that he was capable of performing the lifting and carrying requirements of light to medium work. (Tr. 257.) The therapist recommended that if Rioz was to return to his past work, which was performed at the very heavy level, he would need to undergo a work hardening program in order to increase his lifting and carrying abilities. (*Id.*) In addition, the therapist reported signs of symptom magnification as did Rioz' treating specialist. (Tr. 222, 257.)

Finally, Rioz' testimony lends support to the ALJ's decision. A claimant's testimony regarding his daily activities is a relevant consideration and provides support for an ALJ's decision that a claimant is not disabled. *Leggett v. Chater*, 67 F.3d 558, 565 n.12 (5th Cir. 1995); *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991); *Reyes v. Sullivan*, 915 F.2d 151, 155 (5th Cir. 1990). Rioz' testimony regarding his activities is similar to that of the claimant in *Leggett*. The claimant in *Leggett* admitted that he performed household chores, cut the grass in small increments, and walked up to six blocks at a time. *See id.* at 565.

Rioz testified that medication somewhat eased his pain; that he was capable of walking one-half mile a couple of months after the surgery and at the time of the hearing; that he did some housework, including light laundry, washing dishes, and washing windows, and that he and his son mowed the yard (he mowed a couple of strips of grass before allowing his son to do the remainder of the yard); that he occasionally drove; that he was capable of lifting a couple of gallons of milk, one in each hand; that he watched his daughter play varsity baseball; and that he had read 13 books in the past year. (Tr. 40-45.)

Based on the foregoing evidence, the court must reject Rioz' contention that the ALJ's residual functional capacity is not supported by substantial evidence.

B.  *The Appeals Council's Review of Additional Evidence*

Rioz submitted a Physical Residual Functional Capacity Questionnaire completed by Winston Whitt, M.D., after the ALJ issued his decision. (Tr. 4-8, 561-65.)

4

The Appeals Council noted in its notice to Rioz that it had considered the evidence but that it did not provide a basis for changing the ALJ's decision. (Tr. 5-6.)

Rioz contends that the Appeals Council did not adequately review the new evidence from Dr. Whitt; it merely acknowledged the new evidence and perfunctorily adhered to the ALJ's decision. He contends that his case presents facts similar to those in *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980) and *Smith v. Schweiker*, 646 F.2d 1075, 1082 (5th Cir. 1981), cases in which the Fifth Circuit Court of Appeals remanded claimants' cases because the Appeals Council had failed to adequately consider new evidence submitted after the ALJ rendered his decision. Rioz also cites *Higginbotham v. Barnhart*, 405 F.3d 332 (5th Cir. 2005), a case in which the court affirmatively held that decisions rendered by the Appeals Council are part of the Commissioner's "final decision" under 42 U.S.C. § 405(g) and, therefore, subject to judicial review. *Higginbotham*, 405 F.3d at 337-38.

*Higginbotham* does require the court to review the decision of the Appeals Council. However, neither the ruling in *Higginbotham* nor those in *Smith* or *Epps* require remand in Rioz' case. First, none of the decisions hold that the Appeals Council must, in every case, provide a discussion and analysis regarding new evidence before it. Second, although the circumstances of Rioz' case are similar to those in *Higginbotham*, *Smith*, and *Epps*, in that the respective Appeals Council in all four cases adhered to an ALJ's decision without providing an analysis or discussion of newly submitted evidence, Rioz' case differs from the other three in regard to the evidence submitted to the Appeals Council.

In *Higginbotham, Smith,* and *Epps*, the claimants submitted new evidence from their treating physicians that the court believed would change the ALJ's analysis or decision. *Higginbotham*, 405 F.3d at 334; *Smith*, 646 F.2d at 1082; *Epps*, 624 F.2d at 1273.

For example, in *Epps* the ALJ's determination of non-disability was based on his finding that the claimant's physicians had treated his back problems with conservative rather than radical treatments. *Epps*, 624 F.2d at 1273. New evidence submitted by the claimant's treating orthopedic surgeon demonstrated in part that conservative treatment had failed and that the claimant had been referred for consideration of a particular radical intervention that the ALJ believed to be an important indicator of disability. *Id.*

In contrast, Rioz did not submit evidence from a treating physician. There is no evidence in the record that Dr. Whitt ever examined or treated Rioz and Rioz has not identified him as a treating physician. (Tr. 561-74.) Although the report submitted to the Appeals Council bears Dr. Whitt's signature, it appears that he only approved the report; the report was completed by a doctor of chiropractic medicine rather than Dr. Whitt. (*See* Tr. 565.) Because the report was not rendered by a treating physician, it is not entitled to controlling weight; therefore, it is unlikely that the report would change the ALJ's decision or analysis. *See* 20 C.F.R. § 404.1527 (2005); *see also* 20 C.F.R. § 404.1513(a).

In addition, unlike the evidence submitted in *Higginbotham, Epps,* and *Smith*, Rioz' new evidence is not probative. The report is based on a chiropractor's physical examination of Rioz; the report does not show a change in Rioz' medical condition; and the report conflicts with other evidence in the record.

In the context of remanding a claim based on evidence submitted for the first time to a court, some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing; remand is not justified if there is no reasonable possibility that it would have changed the outcome of the Commissioner's determination. *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981); *see also Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987) (no reasonable probability that new evidence would change the outcome of the Commissioner's decision where the evidence was cumulative and would add little to the evidence.)

This is such a case. Given the medical evidence that supports a finding of non-disability, together with Rioz' testimony regarding his daily activities, it is unlikely that the ALJ would have changed his decision had the new evidence been before him. Therefore, the court should find no error.

### III. Recommendation

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the Commissioner's decision and dismiss Rioz' complaint with prejudice.

### IV. Right to Object

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within 10 days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within 10 days shall

bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: _____September 16_____, 2005.

_____
NANCY M. KOENIG
United States Magistrate Judge